In the Matter of ARTHUR BENNETT, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK et al., Petitioners.

First Department, January 30, 1964.

*Henry Weiner* (*Allen Harris* of counsel), for petitioners.

*Leonard Feldman* for respondent.

*Per Curiam.* Respondent, 43, was admitted to practice at a term of the Appellate Division, Second Department, in January, 1942, and has been actively engaged therein except for a period of four years in the military service.

The petition alleges nine charges of professional misconduct; one was withdrawn (Charge 7). The remaining charges are as follows:

Charge 1. Knowingly submitting false loss of time and earnings figures to insurance carriers.

Charge 2. Conspiring to submit false personal injury claims to an insurance carrier.

Charge 3. Knowingly submitting false medical reports.

Charge 4. Making payments of compensation or gratuities to an employee of an insurance carrier to corruptly influence the adjustment of personal injury claims of persons represented by respondent, either as attorney or as counsel to another attorney.

Charge 5. Knowingly submitting false bills of particulars of injuries and special damages.

Charge 6. Settling claims of infants without procuring court orders approving such compromises and fixing legal fees.

Charge 8. Using the name of another attorney, with his permission, as attorney for claimants and parties in actions, whereas, in fact, such other attorney had not been so retained, in order to conceal the true name of the attorney for such persons; knowingly submitting false loss of earnings statements to an insurance carrier and paying a percentage of settlement to an employee of such insurance carrier for the purpose of corruptly influencing him.

Charge 9. Failure to preserve pleadings and other papers for the period required by rule IV-F of the Special Rules Regulating Conduct of Attorneys of the Appellate Division, First Department (now rule IV, subd. [6]).

As to Charge 1 the Referee sustained the specifications relating to Irving Blum and Martin Albin. The specifications relating to Alvin Denbaum, Sherman Ingraham (true name Ingram) and Alfred Silverstein were not sustained; other

specifications were withdrawn. Charges 2, 6, 8 and 9 were sustained by the Referee. Charges 3, 4 and 5 were not sustained by the Referee.

We find ample support in the record for the specifications and charges sustained by the learned Referee and confirm his findings thereon. In addition, we hold that the evidence amply sustains the specification on the claim of Sherman Ingram in Charge 1.

In the Ingram matter the employer's questionnaire was forwarded to the insurance carrier on August 6, 1954 and thereafter returned with the information unquestionably false establishing five weeks' disability at $60 per week. The testimony is that respondent supplied the information contained in the questionnaire to Alvin Kaston who signed the questionnaire. Prior to August 6, 1954 respondent had furnished substantially the same information to the carrier's adjuster and medical examiner. In the circumstances we are of the opinion that the record establishes that respondent was the source of the information contained in the questionnaire.

The report of the Referee in the Sherman Ingram claim is disaffirmed and the specification sustained.

Charge 4, to the effect that respondent paid gratuities to an adjuster of an insurance carrier to induce preferential treatment in the settlement of claims for personal injuries, was not sustained by the Referee. The adjuster to whom the alleged payments were made was disbarred by reason of his receipt of similar payments. (*Matter of Benjamin,* 13 A D 2d 221.) The testimony is that in respect of 24 claims payments were made to the adjuster and on each occasion he delivered the drafts in settlement to respondent at his office and thereupon received in currency 5% of the amounts thereof. Respondent denied the payments; in addition, he testified that he did not personally meet the adjuster until the Fall of 1958, long after the alleged payments upon which the charge is based.

Respondent denied that he represented the claimants Morasky and Hoffman. The Referee found and the documentary evidence establishes that respondent represented the said claimants. We conclude as did the Referee that respondent's testimony with regard thereto is untrue.

William B. Gladstone, a former attorney who was associated with respondent in some matters, testified he represented the claimant Pollack and had been unable to obtain a settlement of the claim; that he turned over the matter to respondent and within a short time it was adjusted for the sum of $2,500. The evidence also establishes that said adjustment was made

between respondent and the adjuster Benjamin acting in behalf of the carrier. Benjamin by his own admission was guilty of professional misconduct.

The record establishes that respondent was extremely successful in the negotiation of settlements with Benjamin in matters of doubtful validity and that Benjamin was motivated by monetary reward in generously and promptly settling them.

The issue of Benjamin's credibility was strenuously litigated; Benjamin was subjected to a scathing and exhaustive cross-examination. We note, however, that no attempt was made to inquire into Benjamin's knowledge of respondent's office and its occupants and that respondent did not introduce evidence by his secretary or any other persons regularly in attendance at his office to the effect that Benjamin did not attend at respondent's office.

We conclude that the Referee's finding on Charge 4 should be disaffirmed and the said charge sustained.

We have examined the record in the light of the contention that the requirements of due process were not met. This is largely grounded on the allegation that testimony was adduced by promises of leniency made by the Assistant District Attorney who presented the matters involved to a New York County Grand Jury and who was trial counsel for petitioner in this proceeding. It is also asserted that false testimony was adduced in this proceeding to the knowlededge of petitioner's trial counsel. A careful examination of the record establishes no factual basis for these contentions. The record demonstrates that the matter was fully, fairly and scrupulously presented.

The charges and specifications sustained establish flagrant professional misconduct warranting disbarment. (*Matter of Gladstone,* 16 A D 2d 512; *Matter of Shields,* 16 A D 2d 50; *Matter of Benjamin,* 13 A D 2d 221, *supra*; *Matter of Shufer,* 12 A D 2d 208; *Matter of Weitz,* 11 A D 2d 76; *Matter of Wysell,* 10 A D 2d 199.)

The proof establishes beyond doubt a general pattern of professional misconduct which demonstrates respondent's unfitness to remain in practice as an attorney.

Respondent should be disbarred.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Respondent disbarred.